SMITH, Superintendent of Banks, Respondent, v. TATTERS-
FIELD, Appellant.

(245 N. W. 49.)

(File No. 6999.  Opinion filed November 1, 1932.)

*Danforth & Davenport,* of Sioux Falls, for Appellant.

*Churchill & Benson,* of Huron (*George E. Longstaff,* of Huron, of counsel), for Respondent.

CAMPBELL, P. J.  This case presents another phase of the transactions between defendant Tattersfield and the Moody County Bank which were considered in the case of Tattersfield v. Smith, 60 S. D. 471, 245 N. W. 44, No. 6838, opinion this day filed.  The

dealings between Tattersfield and the bank were conducted entirely by correspondence which is set forth quite fully in the opinion in case No. 6838, 60 S. D. 471, 245 N. W. 44, to which reference is hereby made. As will be observed from the statement of facts in that opinion, when Tattersfield discovered that the Moody County Bank had collected the Smith mortgage, the balance standing to his credit in the bank (including the proceeds of the Smith mortgage) was $6,994.15. As indicated by the correspondence set out in case No. 6838, Tattersfield accepted from the bank to apply on the amount due him a school warrant for $3,000 and a real estate mortgage for $1,400. These documents were apparently sent to Tattersfield by the bank under cover of the bank's letter to Tattersfield dated April 23, 1926, but the amount thereof ($4,400) was not debited by the bank to Tattersfield's account until May 3, 1926, and consequently May 3, 1926, is treated by all parties as the date of the transfer of the school warrant and real estate mortgage from the Moody County Bank to Tattersfield. After the bank was closed by the superintendent of banks and taken over for liquidation, Tattersfield, allowing credit of $4,400 by reason of the school warrant and mortgage received as aforesaid, instituted an action to have the balance due him ($2,594.15) allowed as a preferred claim. In that action he was unsuccessful below and on appeal, that being case No. 6838, Tattersfield v. Smith, 60 S. D. 471, 245 N. W. 44.

After the trial and determination of that action in the circuit court, the superintendent of banks instituted the present action against Tattersfield, which has for its object to recover from Tattersfield the $1,400 note and mortgage transferred to him by the Moody County Bank on May 3, 1926. This action is predicated upon the theory that the Moody County Bank was insolvent at the time and by making such transfer to that extent unlawfully preferred Tattersfield over other creditors. Findings, conclusions, and judgment of the trial court in this case were in favor of plaintiff, adjudging the transfer of said real estate mortgage preferential and ordering Tattersfield to return said note and mortgage (together with any interest he might have collected thereon) to the superintendent of banks. From this judgment and from a denial of his application for new trial, defendant Tattersfield has now appealed to this court.

■ Appellant urges in support of his appeal that the transfer of the $1,400 note and mortgage to him on May 3, 1926, could not have constituted an unlawful preference because the circumstances were such that he was at all times a preferred creditor of Moody County Bank to the full extent of his deposit therein. That appellant was not entitled to rank as a preferred creditor of Moody County Bank, and was not entitled to priority of payment out of the assets of said bank over other general deposit creditors, is precisely the point that was determined adversely to appellant by the circuit court in the case of Tattersfield v. Smith, which has been affirmed by this court by its opinion in said case, being file No. 6838. It has become res judicata and is not open for further examination in the present case.

■ Appellant urges that, inasmuch as the superintendent of banks in the case of Tattersfield v. Smith argued that the acceptance by appellant of the school warrant and note secured by real estate mortgage on May 3, 1926, was a ratification of the conduct of the Moody County Bank in depositing to the credit of Tattersfield the amount collected on the Smith mortgage and was, in substance, an admission that the relation of creditor and debtor had arisen between Tattersfield and the Moody County Bank, therefore the superintendent of banks cannot in this action question the propriety or validity of the transfer of either of those two bank assets to Tattersfield. The circuit court found, and we think rightly, that this position is not well taken. The validity and propriety of the transfer of these two bank assets to Tattersfield on May 3, 1926, was in no manner involved in the case of Tattersfield v. Smith, 60 S. D. 471, 245 N. W. 44, No. 6838. Tattersfield was asking that a balance, admittedly standing to his credit on the books of the bank, in the amount of $2,594.15 be recognized as a preferred claim, and that was the only issue tendered by the pleadings. Whether that was or was not a correct balance and whether or not Tattersfield was entitled to keep everything previously received from the bank, the receipt .of which had reduced his balance to that amount, were questions foreign to the issue there being litigated.

Appellant further urges that this court should repudiate the "trust fund doctrine" (by virtue of which an insolvent corporation

is prohibited from preferring one creditor over another) to which this court has been previously committed, or at least that the application of the doctrine should be so limited as not to render the transfer of the note and mortgage to Tattersfield on May 3, 1926, preferential under all the facts and circumstances of this case.

We have dealt with the matter of preferences by insolvent corporations with some considerable care and attention in the case of Smith v. McCowan, 60 S. D. 504, 244 N. W. 891, No. 6829, opinion this day filed, to which reference is hereby made. We there announced our unwillingness to so change our previous position as to hold that an insolvent bank may prefer one general deposit creditor over another, without restriction or limitation, merely because it continues to have its doors open and to be transacting business. It is stipulated in the instant case that Moody County Bank was insolvent on April 19, 1926, and continued in that condition until it was closed by the superintendent of banks on May 22, 1926. The transfer in question was made approximately twenty days prior to the closing of the bank for liquidation. The situation of the bank and the knowledge of all parties concerned is indicated quite clearly by the correspondence between them as set out in the opinion in Tattersfield v. Smith, 60 S. D. 471, 245 N. W. 44, No. 6838, particularly the letter from the bank to Tattersfield under date of April 19, 1926, and his reply under date of April 20, 1926. It is also to be noted that appellant had in substance, been demanding his money from the Moody County Bank ever since January 27, even though he did not then know they had received it. He urged then that the money be forwarded immediately upon receipt. On April 17 he discovered that Smith claimed to have paid appellant's money to the Moody County Bank on January 11, the truth of which claim was confirmed when Tattersfield received the letter from the bank dated April 19, so that on April 19 he not only had such information concerning the affairs of the Moody County Bank as was included in that letter, but he then knew that this bank had been holding his money for over three months and concealing the fact from him with full knowledge that he desired immediate payment, and that they had deliberately endeavored to prevent more strenuous demands for payment on his part by creating the impression that they had not yet received the money. Certainly this is not the custom or prac-

tice of sound banks and every item of knowledge which appellant had concerning the situation spoke eloquently of impending failure. The fourth and fifth findings of the trial court are as follows:

"That on the 19th day of April, 1926, and at all times thereafter, the actual cash market value of the assets of the said Moody County Bank was insufficient to pay its liabilities, and that on said date, and at all times afterwards, the said bank was unable to meet the demand of its creditors in the usual and customary manner, and especially was said bank, during all of said time, unable to meet the demands of the defendant for the money which the defendant had on deposit in said Moody County Bank when demanded by him in the usual and customary manner, and the said Moody County Bank was on the said 19th day of April, 1926, and at all times afterwards, insolvent.

"V. That at numerous times prior to April 19, 1926, the defendant demanded the money which he had on deposit in the said Moody County Bank without any of said money being paid to him, and that on the 23d day of April, 1926, and for some time prior thereto, the defendant had actual knowledge and notice that the said Moody County Bank was insolvent, and that between the dates of April 19, and May 3, 1926, the defendant and B. J. Francis, the President of the said Moody County Bank, acting for said bank, wrongfully, unlawfully and for the purpose of, and with the intention of preferring the defendant as a creditor of said bank and to give him an unlawful advantage and preference over the other creditors and depositors of said bank, entered into an agreement, under and pursuant to which the said B. J. Francis endorsed, transferred and delivered to the defendant the said Stewart note, hereinbefore described, and assigned to him the mortgage securing the same and then and there charged the checking account of the defendant in the sum of $1,400.00. That the pretended transfer of said note and mortgage was fraudulent as to the other creditors and depositors of said Moody County Bank, and that the same was made in bad faith for the purposes hereinbefore set forth."

We are not able to say upon the record in this case that the clear preponderance of the evidence is against those findings. Accepting those findings, the principles we have endeavored to restate in some detail in the case of Smith v. McCowan,

60 S. D. 504, 244 N. W. 891, No. 6829, opinion this day filed, require the holding that the necessary result of the transfer of said not secured by real estate mortgage to appellant on May 3, 1926, was pro tanto to extend to appellant an improper and unlawful preference over other general creditors of said insolvent bank.

It follows that the judgment and order appealed from should be, and they are, affirmed.

POLLEY and ROBERTS, JJ., concur.

WARREN and RUDOLPH, JJ., deeming themselves disqualified, not sitting.